The Cardoza Law Corporation
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Megan H. Troy, Esq. (SBN: 194712)
Megan.Troy@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:  (415) 651-9700
*Attorneys for Plaintiff*,
Valeria (Nunez) Copleman

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIA (NUNEZ) COPLEMAN<br><br>Plaintiff,<br><br>v.<br><br>CAVALRY SPV I, LLC and WINN LAW GROUP, APC,<br><br>Defendants. | Case No.: _____<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

///

///

///

///

COMPLAINT CASE NO. _____

## INTRODUCTION

1. This case is about a consumer who is being threatened with imminent litigation by debt collectors on a time-barred debt. Correspondence by these debt collectors was explicitly intended to mislead this consumer into believing that a lawsuit would be initiated when, in fact, any such suit could not be brought because it is barred by the applicable statute of limitations. The Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act are intended to prevent precisely this type of misrepresentation and falsehood.

2. **VALERIA (NUNEZ) COPLEMAN** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **CAVALRY SPV I, LLC and WINN LAW GROUP, APC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact

COMPLAINT CASE NO. _____   **Page 3 of 12**

business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to

COMPLAINT CASE NO. _____ **Page 4 of 12**

establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

14. Plaintiff is a natural person who resides in the County of Riverside, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

COMPLAINT CASE NO. _____   **Page 5 of 12**

15. Defendant Cavalry SPV I, LLC (hereinafter "Defendant Cavalry") is a Delaware corporation operating from an address of 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

16. Defendant Winn Law Group, APC (hereinafter "Defendant Winn") is a California professional corporation operating from an address of 110 E. Wilshire Ave., Suite 212, Fullerton, California 92832, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

17. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant,

and all of them, named above.

## FACTUAL ALLEGATIONS

19. Plaintiff is an individual residing in the County of Riverside in the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

21. Defendants' businesses consist primarily of the acquisition and collection of delinquent consumer debts.

22. On or about December of 2011, Plaintiff opened Sears credit card (with an account number ending in 5956) to pay for the purchase of items intended primarily for personal, family, or household purposes.

23. Plaintiff fell behind on her payments, with the last payment on her Sears credit card occurring on or about November 2012.

24. On or about August 2013, the amount outstanding on Plaintiff's credit card was charged off.

25. Plaintiff made no payments towards this account subsequent to her last payment on or about November of 2012.

26. On or about November 1, 2017, Plaintiff received a letter from Defendant Winn, on behalf of Defendant Calvary, entitled "NOTICE OF INTENT TO FILE

COMPLAINT CASE NO. _____    **Page 7 of 12**

LITIGATION AND INCUR COURT COSTS AND LEGAL FEES" (the "Nov. 1 Letter").

27. In the Nov. 1 Letter, Defendants threatened Plaintiff that they intended to "pursue litigation against you in the Superior Court of California."

28. Defendants further threatened that such litigation "could result in a judgment against you which may include our client's court costs and necessary disbursements, all of which you could become responsible for, as allowed under California applicable law."

29. Defendant Winn identified itself as a "DEBT COLLECTOR" and stated that the Nov. 1 Letter was a "NOTICE … CONCERNING POTENTIAL LITIGATION."

## ACTUAL DAMAGES

30. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692E OF THE FDCPA

COMPLAINT CASE NO. _____    **Page 8 of 12**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. Defendants violated § 1692e when they, among other qualifying actions and omissions, willfully misrepresented the legal status of the debt, to wit: threatening to file a time-barred collection suit against Plaintiff.

34. As the Ninth Circuit recognized in *McCullough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (2011), strong legal and ethical policies exist against the filing of lawsuits after the statute of limitations has expired.  These policies are only strengthened by the FDCPA's purpose to protect even unsophisticated consumers, who might pay a time-barred claim rather than assert the defense.

## COUNT II

### VIOLATION OF § 1692F OF THE FDCPA

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

37. Defendants violated § 1692f when they, among other qualifying actions and

omissions, willfully and without justification, threatened to bring suit against Plaintiff when the expiration of the statute of limitations would serve as a complete defense to any suit.

## COUNT III

### VIOLATION OF § 1788.13(J) OF THE RFDCPA

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. A defendant violates § 1788.13(j) of the RFDCPA when it falsely represents that a legal proceeding has been, is about to be, or will be instituted unless payment is made.

40. Defendants violated § 1788.13(j) of the RFDCPA when they willfully and falsely represented to Plaintiff that the litigation would be commenced to collect a debt, the recovery of which was barred by the applicable statute of limitations.

## COUNT IV

### VIOLATION OF § 1788.17 OF THE RFDCPA

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

COMPLAINT CASE NO. _____     **Page 10 of 12**

43. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692e and § 1692f.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

   a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

   b) Award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

   c) Award of statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

   d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

   e) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED.

44. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

|  |  |
|---|---|
|  | THE CARDOZA LAW CORPORATION |
| DATED: November 22, 2017 | BY: /S/ MICHAEL F. CARDOZA<br>MICHAEL F. CARDOZA, ESQ.<br>(SBN: 194065)<br>MIKE.CARDOZA@CARDOZALAWCORP.COM<br>548 MARKET ST. #80594<br>SAN FRANCISCO, CA 94104<br>TELEPHONE: (415) 488-8041<br>FACSIMILE: (415) 651-9700<br><br>ATTORNEY FOR PLAINTIFF,<br>VALERIA (NUNEZ) COPLEMAN |

COMPLAINT CASE NO. _____ **Page 12 of 12**